Hipólito Colón López, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 871.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Noviembre 28, 1932.

*E. López Acosta,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Hipólito Colón López promovió ante la Corte Municipal de San Germán un expediente para obtener e inscribir a su favor la posesión de una finca de ocho cuerdas, alegando que tres cuerdas treinta y tres céntimos de esta finca los adquirió por compra a María del Carmen, conocida por Cruz, Casiano vda. de Colón. Alega además que estas tres cuerdas treinta y tres céntimos forman parte de una finca que con una cabida de cinco y media cuerdas se halla inscrita en el registro de la propiedad a nombre de Pedro Echavarría Pérez. Aprobada la información posesoria se expidió copia de la resolución de la corte municipal para que con ella pudiese el promovente obtener en el Registro de la Propiedad de San Germán la inscripción de la finca, previa cancelación de la inscripción que en el registro aparece en contradicción con los hechos probados. El registrador denegó la inscripción por las razones que se expresan en la siguiente nota:

"Denegando el precedente documento por aparecer la finca de 5½ cuerdas de donde procede la porción de 3.33 cuerdas que forma parte de la finca descrita en este documento, a nombre de Emiliano, María Sabina, Pedro Alcántara, María Eugenia, María de la Cruz y Felipe de Jesús Colón Casiano, personas distintas de la anterior dueña María del Carmen, conocida por Cruz, Casiano, sin que a dichas personas se les notificara en cumplimiento del artículo 393 de la Ley Hipotecaria; tomándose en su lugar anotación por 120 días a favor del promovente de su derecho, al folio 82 del tomo 72 de San Germán, finca número 3351, anotación C. San Germán, a 14 de marzo de 1932."

Contra esta nota no interpuso Hipólito Colón López recurso alguno; pero algunos meses después presentó en el registro de la propiedad la misma copia certificada de la resolución de la corte, acompañada de una escritura, según la cual todas las partes interesadas en el asiento de posesión que aparecía en el registro de la propiedad (con excepción de Emiliano Colón, que fué citado oportunamente en la tra-

mitación del expediente) ratifican la venta de dicha finca por María del Carmen a Hipólito Colón López. El registrador se negó a convertir la anotación preventiva en inscripción definitiva, y contra esta nota denegatoria interpuso el Sr. Colón López el presente recurso.

Alega el registrador que si se hiciera la inscripción solicitada, aparecería dicha finca inscrita a nombre de las personas que actualmente figuran en el registro, y a nombre también de Hipólito Colón, y que si tales personas hubieran sido citadas en la tramitación del expediente posesorio, la corte municipal habría ordenado la cancelación del asiento contradictorio. Alega además el registrador que no puede tener en cuenta para su calificación ningún documento que no fué presentado a la corte correspondiente en un caso de dominio e información posesoria.

No habiéndose promovido recurso alguno contra la primera nota, la única cuestión a resolver es si el defecto señalado por el registrador en la mencionada nota, que no ha sido recurrida, ha quedado subsanado por la nueva prueba ofrecida por el peticionario.

El artículo 393 de la Ley Hipotecaria dice así en sus párrafos primero, segundo y tercero:

"Los registradores, antes de inscribir alguna finca o derecho en virtud de las informaciones prescritas en los tres artículos anteriores, examinarán cuidadosamente el registro, para averiguar si hay en él algún asiento relativo al mismo inmueble que pueda quedar total o parcialmente cancelado por consecuencia de la misma inscripción.

"Si hallaren algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, suspenderán la inscripción, harán anotación preventiva si la solicita el interesado, y remitirán copia de dicho asiento al juez que haya aprobado la información.

"El juez, en su vista, y con citación y audiencia de las personas que por dicho asiento puedan tener algún derecho sobre el inmueble, confirmará o revocará el auto de aprobación, dando conocimiento en todo caso de la providencia que recayese al registrador, a fin de que en su vista lleve a efecto la inscripción o cancele la anotación preventiva."

■ La Ley Hipotecaria determina claramente el procedimiento a seguir para alcanzar los fines que se propone obtener el recurrente. Es el juez y no el registrador la autoridad que debe oír a las partes interesadas, cuando reciba copia de los asientos contradictorios a la posesión que se pretende inscribir. Las pruebas para obtener la aprobación de una información posesoria deben pasar por el tamiz judicial. Sostener lo contrario equivaldría a investir al registrador de las facultades judiciales concedidas expresamente por la ley al juez municipal. Del auto de aprobación autorizado por la Corte Municipal de San Germán no aparece que se haya dado audiencia en el expediente posesorio a las personas a cuyo favor está inscrita la posesión de la finca con excepción de Emiliano Colón.

*Debe confirmarse la nota recurrida.*